

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Sharon L. Schneier**
(212) 603-6448 tel
(212) 489-8340 fax

sharonschneier@dwt.com

January 11, 2017

**VIA ECF**

Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:     *Ruppel v. Consumers Union of United States, Inc.* – 16-cv-2444 (KMK)

Dear Judge Karas:

    We represent Defendant Consumer Reports, Inc.[1] ("Consumers Union") in the above-referenced action. We write pursuant to Your Honor's Rules of Individual Practice to request a pre-motion conference in connection with (or in the alternative, authority to file) a Motion to Amend the Scheduling Order (ECF No. 36) to formally implement phased discovery. On January 4, 2017, Trusted Media Brands, Inc. ("TMBI") filed a letter requesting the same relief as Consumers Union seeks here in the other Video Rental Privacy Act ("VRPA") pending before Your Honor, *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812 (*see* Dkt. No. 56). For the same reasons as TMBI sets forth in its letter, which Consumers Union incorporates herein by reference, Consumers Union believes phased discovery is appropriate in this action.

    In particular, while Consumers Union will avoid repeating the entirety of the arguments set forth in TMBI's letter, Consumers Union believes, as does TMBI, that the following bases support phasing here:

    ***First*, recent developments in other VRPA cases support phasing.** In the *Edwards v. Hearst* VRPA matter, in which fact discovery is phased, Magistrate Judge Cott, following completion of Phase I fact discovery, stayed Phase II discovery pending decision on Hearst's dispositive motion on the named plaintiff's claims, finding "there are s*erious legal questions related to the viability of Plaintiff's case*" and plaintiff in that case has also moved for summary judgment (No. 15-cv-09279-AT-JLC, Doc. 92) (emphasis added). Judge Buchwald also recently ordered a phased discovery schedule in *Boelter v. Condé Nast* that specifically contemplates

---

[1] On November 15, 2016, the corporate name was changed from Consumers Union of the United States, Inc. to Consumer Reports, Inc.

DWT 31044773v1 0093526-000011

January 11, 2017
Page 2

summary judgment motions at the conclusion of Phase I discovery on the named plaintiffs' claims so that the viability of the claims can be tested before launching into class discovery.

*Second*, **Plaintiff's broad and burdensome class-wide discovery requests, which were virtually identical to those served on TMBI and which are attached as Exhibits 1 and 2, confirm the need for phased discovery.** Plaintiff's class-related discovery requests are disproportionate to the needs of the case at this juncture and unduly burdensome, in that they seek broad substantive and statistical information about all of Consumers Union's Michigan subscribers, and its practices over multiple years. While Consumers Union objects to the broad scope of Plaintiff's discovery, Consumers Union does not seek to curtail discovery as to whether there are disclosures in violation of the VRPA. Discovery as to Mr. Ruppel, which Consumers Union has agreed to and has provided, will necessarily include general information regarding Consumers Union's subscriber practices and contracts with third parties, enabling Plaintiff and the Court to evaluate whether such practices result in any violation of the VRPA as alleged in the Complaint. There is no unfair prejudice to Plaintiff in ordering phased discovery, which will give both sides and the Court all information needed to dispute or establish the viability of the claims.

Thus, for the above-stated reasons, and the other reasons set forth in TMBI's letter, Consumers Union respectfully requests that Your Honor schedule a pre-motion conference to consider the contemplated Motion and/or authorize filing and enter the proposed amended scheduling order, attached as Exhibit 3 to this letter. Counsel for Consumers Union informed counsel for Plaintiff of their intent to file this letter and counsel for Plaintiff has stated they will oppose this request.

    Very truly yours

    Davis Wright Tremaine LLP

    *s/ Sharon L. Schneier*

    Sharon L. Schneier

cc:    (via ECF system): All counsel of record