UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DOC #:
DATE FILED:

DON RUPPEL, individually and on behalf of all
others similarly situated,

           Plaintiff,

-v-

CONSUMERS UNION OF UNITED STATES, INC.,

           Defendant.

No. 16-CV-2444 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

In this putative Class Action, Plaintiff alleges that Defendant, the publisher of *Consumer Reports* magazine, violated Michigan's Preservation of Personal Privacy Act ("PPPA") by selling Plaintiff's, and other class members', personal information to third parties. (*See generally* Compl. (Dkt. No. 1).) Defendant has moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on four grounds: (1) Plaintiff lacks standing to bring this Action because the Complaint does not allege any injury; (2) Plaintiff was provided notice that his personal information could be shared with third parties, and an opportunity to opt-out; (3) the PPPA violates the First Amendment; and (4) Plaintiff's unjust enrichment claim is preempted by the PPPA. (*See generally* Def.'s Mem. of Law in Supp. of Mot. To Dismiss ("Def.'s Mem.") (Dkt. No. 20).) This is not the first time these arguments have been raised in federal court. Indeed, at least four other defendants similarly situated to Defendant have unsuccessfully pressed these same arguments in motions to dismiss. *See Perlin v. Time Inc.,* — F. Supp. 3d —, 2017 WL 605291 (E.D. Mich. Feb. 15, 2017); *Moeller v. Am. Media, Inc.*, — F. Supp. 3d —, 2017 WL 416430 (E.D. Mich. Jan. 27, 2017); *Boelter v. Advance*

*Magazine Publishers Inc.*, 210 F. Supp. 3d 579 (S.D.N.Y. 2016); *Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016). The Court finds these opinions to be well-written, persuasive, and dispositive of Defendant's Motion. The Court will nonetheless discuss briefly one of Defendant's contentions.

Defendant contends that it did not violate the PPPA because its conduct fits squarely within one of the PPPA's statutory safe harbors. (Def.'s Mem. 18.) During the time relevant to this Action, the PPPA allowed for the disclosure of personal information where the disclosure was "for the exclusive purpose of marketing goods and services directly to the consumer," and the "person disclosing the information . . . inform[ed] the customer by written notice that the customer may remove his or her name at any time by written notice to the person disclosing the information." Mich. Comp. Laws § 445.1713(d).[1] Defendant believes that it satisfied the conditions of this section because Defendant's website provides notice that Defendant may disclose subscriber lists to third parties and provides instructions on how to opt out of the program. (Def.'s Mem. 19–20.) Additionally, every issue of *Consumer Reports* contains a notice that Defendant shares customers' mailing addresses, and instructions on how consumers can have their names deleted from the list shared with third parties. (*Id.* at 20–21.) Assuming that the Court can consider these notices, Defendant's argument is unavailing for two reasons.

First, "Defendant's claim that its conduct falls within a statutory exemption constitutes an affirmative defense to liability, which may only be raised by a pre-motion answer to dismiss if the defense appears on the face of the complaint." *Hearst Commc'ns*, 192 F. Supp. 3d at 453–54 (citation, alteration, and internal quotation marks omitted). This defense does not appear on the face of the Complaint because Plaintiff specifically alleges that he did not receive notice that

---

[1] This provision was substantially altered via an amendment to the PPPA in July 2016.

Defendant was going to disclose his personal information. (*See* Compl. ¶ 10 ("[Defendant] did not notify Plaintiff Ruppel that it discloses the Personal Reading Information of its customers, and Plaintiff Ruppel has never authorized [Defendant] to do so. Furthermore, Plaintiff Ruppel was never provided any written notice that [Defendant] sells its customers' Personal Reading Information, or any means of opting out."). At this stage, the Court is required to accept Plaintiff's allegations as true. *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (italics and internal quotation marks omitted)).

Second, even if Plaintiff did receive notice that Defendant was going to share his personal information with third parties, the PPPA's safe harbor permits disclosures only "for the exclusive purpose of marketing goods and services directly to the consumer." Mich. Comp. Laws § 445.1713(d). Defendant's supposed disclosures do not satisfy this requirement because Defendant allegedly sells its mailing lists to "data miners, other consumer-facing businesses, non-profit organizations seeking to raise awareness and solicit donations, and to political organizations soliciting donations, votes, and volunteer efforts." (Compl. ¶ 43.) Defendant's contention is thus contradicted by Plaintiff's allegations and it cannot serve as a basis to grant a Rule 12(b)(6) motion.

Accordingly, Defendant's Motion is denied.  The Clerk of Court is respectfully directed

to terminate the pending Motion.  (Dkt. No. 19.)

SO ORDERED.   ˊᐱ

Dated: June **12**, 2017
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4